# EXHIBIT 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARMEN GOMEZ,

        Plaintiff,

    -against-

INOVISION-MEDCLR PORTFOLIO GROUP, LLC.,
PETER T. ROACH & ASSOCIATES, P.C.,
KIRSCHENBAUM, PHILLIPS & ROACH, P.C.,
TIMOTHY MURTHA, LVNV FUNDING, LLC,
RESURGENT CAPITAL SERVICES, LP and NCO
FINANCIAL SYSTEMS, INC.

        Defendants

Docket No. 13-CV-07395

**DEFENDANT RESURGENT
CAPITAL SERVICES, LP'S
ANSWERS
TO PLAINTIFF'S FIRST SET
INTERROGATORIES**

---

Defendants RESURGENT CAPITAL SERVICES, LP, by and through its attorneys, HINSHAW & CULBERTSON LLP, pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby objects and responds to Plaintiff's First Set of Interrogatories, state as follows:

## GENERAL OBJECTIONS

1.    Defendant objects to any and all Interrogatories to the extent that they seek information concerning activities, policies, practices, information, or procedures of entities or persons other than Defendant, whether a party to this action or otherwise, because such entities or persons are best able to provide Answers regarding their operations. Answers will be provided for Defendant only and will be based on information known and reasonably available to them or otherwise retrievable through reasonable efforts.

2.    The Answers to many of the Interrogatories can be derived or ascertained from Plaintiff's records and the burden of doing so is substantially the same for Defendant. Accordingly, Defendant will refer Plaintiff to documents where responsive information may be derived.

3.      Defendant submits these Answers without conceding the necessity or materiality of the subject matter of any Interrogatory or any information provided in Answer thereto, and without prejudice to all objections to its use or to further production, or to its admissibility.

4.      Defendant objects to those Interrogatories that seek information that is neither relevant to this action nor material and necessary to the resolution of the issues in this case.

5.      Defendant objects to those Interrogatories that seek:

(a)      information that embodies or discloses confidential communications between Defendant or its employees and its attorneys;

(b)      information that represents the work product of Defendant's employees and/or attorneys or that otherwise reflects the mental impressions, conclusions, opinions, or legal theories of their attorneys or their agents; and/or

(c)      information that has been compiled in anticipation of litigation or for trial by or on behalf of Defendant, their employees, or their attorneys.

6.      Defendant objects to those Interrogatories that are duplicative, repetitive, or cumulative and as to which information may be obtained from another source that is more convenient, less burdensome, and less expensive.   Defendant further objects to the Interrogatories to the extent that they seek information not in the possession, custody, or control of Defendant, their employees, agents, and/or attorneys.

7.      Defendant objects to each Interrogatory that is improper for one or more of the following reasons: (i) it is overbroad; (ii) it is impermissibly vague and non-specific; (iii) it is couched in sweeping and all-encompassing language that is disfavored by the Courts; (iv) compliance would be unduly burdensome to Defendant, if not impossible; (v) it is not reasonably and appropriately restricted in temporal duration; (vi) it is not reasonably and appropriately

130780265v1 0953110

restricted in scope to relevant subject matter; (vii) it does not sufficiently identify or particularize the specific information that is being sought; (viii) it is made without an adequate, proper or legally sufficient factual predicate; (ix) it seeks evidentiary information; and (x) it is otherwise beyond the scope of disclosure.

8.      Defendant's general and specific objections shall apply both to these Interrogatories and to all later interrogatories Defendant's general and specific objections shall apply both to these Interrogatories and to all later interrogatories.

9.      Defendant objects to each Interrogatory that attempts to impose upon Defendant any obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern District of New York or by case law.

10.     The Answers are based on such information as is reasonably available to Defendant and/or its representatives, and susceptible to retrieval through reasonable efforts, except to the extent such information is privileged or otherwise undiscoverable under the rules and case law pertaining to this arbitration. Defendant expressly reserves its right to amend, revise, clarify, or supplement their Answers.

11.     These General Objections shall be deemed to be continuing throughout the Answers herein, even where not specifically stated These General Objections shall be deemed to be continuing throughout the Answers herein, even where not specifically stated.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

1.      What is your relationship and role regarding Plaintiff, the underlying lawsuit filed against her, and the forwarding of her account to different debt collectors?  This includes, without limitations, other Defendants, Resurgent Capital Services and RESURGENT.  Identify any other entities so involved, and in what way they are involved.

3

130780265v1 0953110

**ANSWER:**   RESURGENT objects to this request on the following specific grounds:  it is vague, ambiguous, made without an adequate, proper or legally sufficient factual predicate, improper pursuant to LR 33.1 as there is a more practicable method of obtaining the information sought, and to the extent that it seeks information that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objection, RESURGENT refers Plaintiff to the documents Bates-stamped RCS_0001 to RCS_0016, annexed hereto, and states that RESURGENT is the master servicer for LVNV.  In that role, RESURGENT referred Plaintiff's account to outside third parties to work on collecting payment from Plaintiff on Plaintiff's account obligation.  RESURGENT did not direct or control the conduct of any third party relative to the Plaintiff.  Finally, Resurgent reserves the right to supplement and/or amend this response up to and including the time of trial.

2.      Identify all persons who you believe have knowledge of relevant facts, identify the issues upon which you believe they have knowledge, and provide a brief summary of their knowledge. This includes the full legal name for the entity(ies) you used to verify the debt which the Plaintiff was alleged to have owed and for the entity(ies) you used to attempt to collect the debt which the Plaintiff was alleged to have owed.

**ANSWER:**   RESURGENT objects to this request on the following specific grounds:  it is vague, ambiguous, and made without an adequate, proper or legally sufficient factual predicate.  Subject to and without waiving said objection, RESURGENT refers Plaintiff to the documents Bates-stamped RCS_0001 to RCS_0016, annexed hereto, and RESURGENT will identify a corporate representative to provide testimony if necessary.  RESURGENT reserves the right to supplement and/or amend this response up to and including the time of trial.

4

3.      "Identify" the name and address of every witness you expect to call at the trial of this case, and summarize the testimony you expect each such witness to give. State the names, addresses, and telephone numbers of persons having knowledge of relevant facts, and give a statement of each identified person's connection with the case and what relevant facts you contend they have.

**ANSWER:**   See Response to Interrogatory No. 3, above.   RESURGENT further objects to this Interrogatory on the grounds that it is premature and discovery is still ongoing.

4.      State the names and addresses of all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.  Please supplement your answer for any future discovery request.

**ANSWER:**   RESURGENT incorporates by reference its general objections as though more fully set forth herein.  Without waiving the foregoing general objections and subject thereto, Defendant states that these interrogatories were prepared by the undersigned and verified by Ajay Grayson, who is an authorized representative of RESURGENT and may be contacted through the undersigned counsel's office.

5.      For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

**ANSWER:**   RESURGENT objects to this request on the following specific grounds:  it is vague, ambiguous, made without an adequate, proper or legally sufficient factual predicate, improper pursuant to LR 33.1 as there is a more practicable method of obtaining the information

5

sought. RESURGENT also objects to this Interrogatory to the extent that it is premature as discovery is still ongoing.

6.     Identify the actions you took in attempting to collect the debt from the underlying collections lawsuit and judgment which the Plaintiff was alleged to have owed.

**ANSWER:**    See Response to Interrogatory No. 1, above.

7.     Identify all persons who you believe have knowledge of relevant facts, identify the issues upon which you believe they have knowledge, and provide a brief summary of their knowledge. This includes the full legal name for the entity(ies) you used to verify the debt which the Plaintiff was alleged to have owed and for the entity(ies) you used to attempt to collect the debt which the Plaintiff was alleged to have owed.

**ANSWER:**    See Response to Interrogatory No. 2, above.

Dated: New York, New York
       April 4, 2014

HINSHAW & CULBERTSON LLP
Attorneys for Defendant RESURGENT
CAPITAL SERVICES, LP

By: _____
      Concepcion A. Montoya
800 Third Avenue, 13th Floor
New York, NY 10022
(212) 471-6200

6

TO:    Ahmad Keshavarz
Law Offices of Ahmad Keshavarz
*Attorney for Plaintiff*
16 Court Street, 26th Floor
Brooklyn, New York 11241-1026
Tel:  (718) 522-7900

Michael L. Kohl
Michael L. Kohl, P.C.
*Attorney for Defendants PETER T. ROACH & ASSOCIATES, P.C.,
KIRSCHENBAUM, PHILLIPS & ROACH, P.C., TIMOTHY MURTHA*
34 Eagle Circle
Bohemia, NY 11716

7

## VERIFICATION

I, _Ajay Grayson_ , on behalf of RESURGENT CAPITAL SERVICES, LP, state under penalty of perjury, that the foregoing responses and objections to interrogatories for RESURGENT CAPITAL SERVICES, LP and the facts contained therein are true and correct to the best of my personal knowledge and belief.


_4/4/2014_

Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMEN GOMEZ, <br><br> Plaintiff, <br><br> -against- <br><br> INOVISION-MEDCLR PORTFOLIO GROUP, LLC., PETER T. ROACH & ASSOCIATES, P.C., KIRSCHENBAUM, PHILLIPS & ROACH, P.C., TIMOTHY MURTHA, LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, LP and NCO FINANCIAL SYSTEMS, INC. <br><br> Defendants | Docket No. 13-CV-07395 <br><br> **DEFENDANT LVNV FUNDING, LLC'S ANSWERS TO PLAINTIFF'S FIRST SET INTERROGATORIES** |

Defendants, LVNV FUNDING, LLC, by and through its attorneys, HINSHAW & CULBERTSON LLP, pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby objects and responds to Plaintiff's First Set of Interrogatories, state as follows:

## GENERAL OBJECTIONS

1.     Defendant objects to any and all Interrogatories to the extent that they seek information concerning activities, policies, practices, information, or procedures of entities or persons other than Defendant, whether a party to this action or otherwise, because such entities or persons are best able to provide Answers regarding their operations.   Answers will be provided for Defendant only and will be based on information known and reasonably available to them or otherwise retrievable through reasonable efforts.

2.     The Answers to many of the Interrogatories can be derived or ascertained from Plaintiff's records and the burden of doing so is substantially the same for Defendant. Accordingly, Defendant will refer Plaintiff to documents where responsive information may be derived.

3.      Defendant submits these Answers without conceding the necessity or materiality of the subject matter of any Interrogatory or any information provided in Answer thereto, and without prejudice to all objections to its use or to further production, or to its admissibility.

4.      Defendant objects to those Interrogatories that seek information that is neither relevant to this action nor material and necessary to the resolution of the issues in this case.

5.      Defendant objects to those Interrogatories that seek:

(a)      information that embodies or discloses confidential communications between Defendant or its employees and its attorneys;

(b)      information that represents the work product of Defendant's employees and/or attorneys or that otherwise reflects the mental impressions, conclusions, opinions, or legal theories of their attorneys or their agents; and/or

(c)      information that has been compiled in anticipation of litigation or for trial by or on behalf of Defendant, their employees, or their attorneys.

6.      Defendant objects to those Interrogatories that are duplicative, repetitive, or cumulative and as to which information may be obtained from another source that is more convenient, less burdensome, and less expensive.  Defendant further objects to the Interrogatories to the extent that they seek information not in the possession, custody, or control of Defendant, their employees, agents, and/or attorneys.

7.      Defendant objects to each Interrogatory that is improper for one or more of the following reasons: (i) it is overbroad; (ii) it is impermissibly vague and non-specific; (iii) it is couched in sweeping and all-encompassing language that is disfavored by the Courts; (iv) compliance would be unduly burdensome to Defendant, if not impossible; (v) it is not reasonably and appropriately restricted in temporal duration; (vi) it is not reasonably and appropriately

2

restricted in scope to relevant subject matter; (vii) it does not sufficiently identify or particularize the specific information that is being sought; (viii) it is made without an adequate, proper or legally sufficient factual predicate; (ix) it seeks evidentiary information; and (x) it is otherwise beyond the scope of disclosure.

8.    Defendant's general and specific objections shall apply both to these Interrogatories and to all later interrogatories Defendant's general and specific objections shall apply both to these Interrogatories and to all later interrogatories.

9.    Defendant objects to each Interrogatory that attempts to impose upon Defendant any obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern District of New York or by case law.

10.    The Answers are based on such information as is reasonably available to Defendant and/or its representatives, and susceptible to retrieval through reasonable efforts, except to the extent such information is privileged or otherwise undiscoverable under the rules and case law pertaining to this arbitration. Defendant expressly reserves its right to amend, revise, clarify, or supplement their Answers.

11.    These General Objections shall be deemed to be continuing throughout the Answers herein, even where not specifically stated These General Objections shall be deemed to be continuing throughout the Answers herein, even where not specifically stated.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

1.    What is your relationship and role regarding Plaintiff, the underlying lawsuit filed against her, and the forwarding of her account to different debt collectors?  This includes, without limitations, other Defendants, Resurgent Capital Services and LVNV.  Identify any other entities so involved, and in what way they are involved.

3

130778169v1 0953110

**ANSWER:** LVNV objects to this request on the following specific grounds: it is vague, ambiguous, made without an adequate, proper or legally sufficient factual predicate, improper pursuant to LR 33.1 as there is a more practicable method of obtaining the information sought, and to the extent that it seeks information that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, LVNV owns the Plaintiff's account obligation and was not involved with any efforts to seek payment of that account obligation. LVNV reserves the right to supplement and/or amend this response up to and including the time of trial.

2. Identify all persons who you believe have knowledge of relevant facts, identify the issues upon which you believe they have knowledge, and provide a brief summary of their knowledge. This includes the full legal name for the entity(ies) you used to verify the debt which the Plaintiff was alleged to have owed and for the entity(ies) you used to attempt to collect the debt which the Plaintiff was alleged to have owed.

**ANSWER:** LVNV objects to this request on the following specific grounds: it is vague, ambiguous, and made without an adequate, proper or legally sufficient factual predicate. Subject to and without waiving said objection, LVNV refers Plaintiff to the documents Bates-stamped RCS_0001 to RCS_0016, and LVNV will identify a corporate representative to provide testimony if necessary.. LVNV reserves the right to supplement and/or amend this response up to and including the time of trial.

3. "Identify" the name and address of every witness you expect to call at the trial of this case, and summarize the testimony you expect each such witness to give. State the names, addresses, and telephone numbers of persons having knowledge of relevant facts, and give a

4

statement of each identified person's connection with the case and what relevant facts you contend they have.

**ANSWER:**    See Response to Interrogatory No. 2, above.  LVNV further objects to this Interrogatory on the grounds that it is premature and discovery is still ongoing.

4.    State the names and addresses of all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.  Please supplement your answer for any future discovery request.

**ANSWER:**    LVNV incorporates by reference its general objections as though more fully set forth herein.  Without waiving the foregoing general objections and subject thereto, Defendant states that these interrogatories were prepared by the undersigned and verified by Laura Hill, who is an authorized representative of RESURGENT and may be contacted through the undersigned counsel's office.

5.    For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

**ANSWER:**    LVNV objects to this request on the following specific grounds:  it is vague, ambiguous, made without an adequate, proper or legally sufficient factual predicate, improper pursuant to LR 33.1 as there is a more practicable method of obtaining the information sought.  LVNV also objects to this Interrogatory to the extent that it is premature as discovery is still ongoing.

130778169v1 0953110

6.      Identify the actions you took in attempting to collect the debt from the underlying collections lawsuit and judgment which the Plaintiff was alleged to have owed.

**ANSWER:**   LVNV objects to this request on the following specific grounds:   it is vague, ambiguous, made without an adequate, proper or legally sufficient factual predicate, improper pursuant to LR 33.1 as there is a more practicable method of obtaining the information sought, and to the extent that it seeks information that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objection, LVNV states that it was not involved in any action to seek payment of Plaintiff's account obligation.

7.      Identify all persons who you believe have knowledge of relevant facts, identify the issues upon which you believe they have knowledge, and provide a brief summary of their knowledge. This includes the full legal name for the entity(ies) you used to verify the debt which the Plaintiff was alleged to have owed and for the entity(ies) you used to attempt to collect the debt which the Plaintiff was alleged to have owed.

**ANSWER:**   See Response to Interrogatory No. 2, above.

Dated: New York, New York
       April 4, 2014

                           HINSHAW & CULBERTSON LLP
                           Attorneys for Defendant LVNV Funding, LLC


                           By: _____
                                Concepcion A. Montoya
                           800 Third Avenue, 13th Floor
                           New York, NY 10022
                           (212) 471-6200


6

TO:    Ahmad Keshavarz
        Law Offices of Ahmad Keshavarz
        *Attorney for Plaintiff*
        16 Court Street, 26th Floor
        Brooklyn, New York 11241-1026

        Michael L. Kohl
        Michael L. Kohl, P.C.
        *Attorney for Defendants PETER T. ROACH & ASSOCIATES, P.C.,*
        *KIRSCHENBAUM, PHILLIPS & ROACH, P.C., TIMOTHY MURTHA*
        34 Eagle Circle
        Bohemia, NY 11716

130778169v1 0953110

## **VERIFICATION**

I, _Laura Hill_____, on behalf of LVNV FUNDING LLC, state under penalty of perjury, that the foregoing responses and objections to interrogatories for LVNV FUNDING LLC and the facts contained therein are true and correct to the best of my personal knowledge and belief.

4|4|2014

Date