UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————X Index No.:  13-CV-07395

CARMEN GOMEZ,

                               Plaintiff,        **RESPONSE TO**
                                                  **REQUEST FOR ADMISSION**

          -against-

INOVISION-MEDCLR PORTFOLIO GROUP, LLC
PETER T. ROACH & ASSOCIATES, P.C.
KIRSCHENBAUM, PHILLIPS & ROACH, P.C.
TIMOTHY MURTHA,
LVNV FUNDING, LLC
RESURGENT CAPITAL SERVICES, LP
NCO FINANCIAL SYSTEMS, INC.

                          Defendants.

————————————————————————————————————————X

DEFENDANTS, PETER T. ROACH & ASSOCIATES, P.C.

KIRSCHENBAUM, PHILLIPS & ROACH, P.C. AND TIMOTHY MURTHA,USA,

NATIONAL ASSOCIATION, by its attorneys, Kirschenbaum & Phillips, P.C.,

responds as follows to Defendant's Request for Admission:

## GENERAL OBJECTIONS

1.    Plaintiff reserves all objections at any hearing or trial or on any motion to
use or admissibility of any response given or documents identified or
disclosed.  The identification or disclosure of any documents does not
constitute an admission by the Plaintiff that such documents are relevant
to the action or admissible as evidence.

2.    Inadvertent reliance on or disclosure of any documents or any response
given subject to the attorney-client privilege, prepared in anticipation of

litigation or for trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such documents and/or response or their subject matter, or of Plaintiff's right to object to the use of such documents during this or any later proceeding.

3.  Plaintiff reserves the right to modify, supplement or amend any response hereto.

4.  Plaintiff objects to the Interrogatories to the extent that they seek to impose obligations on Plaintiff beyond those imposed under the New York Civil Practice Law and Rules.

## SPECIFIC OBJECTIONS

1.  Plaintiff objects to this demand to the extent it is unduly burdensome, oppressive and/or harassing, taking into account the needs of the case and the issues presented, and/or seeks response that are obtainable from some other source that is more convenient, less burdensome or less expensive.

2.  Plaintiff objects to this demand on the ground that it seeks a response that is not relevant to the subject matter of this litigation or reasonable calculated to lead to the discovery of admissible evidence and that are not necessary or material to the prosecution or defense of this action.

3.  Plaintiff objects to this demand on the ground that it is overly broad.

4.     Plaintiff objects to this demand on the ground that it is unduly vague, ambiguous and unanswerable as propounded.

5.     Plaintiff objects to this demand on the ground that it seeks the discovery of trade secrets or other confidential, sensitive or propriety information, unless and until an appropriate confidentiality order is agreed to by the parties and approved by the Court.

6.     Plaintiff objects to this demand to the extent the discovery sought is unreasonably cumulative or duplicative.

7.     Plaintiff objects to this demand on the ground that the information requested is more appropriately discovered through depositions.

8.     Plaintiff objects to this demand on the ground that it seeks a response that is protected from discovery by the attorney-client privilege, the work product doctrine and/or other applicable privilege.

## RESPONSES TO NOTICE TO ADMIT

1.     You are a debt collector as defined in the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq.

**RESPONSE:**          Peter T. Roach & Associates, P.C. – Admit

                       Kirschenbaum, Phillips & Roach, P.C. – Admit

                       Timothy Murtha – Deny

2.     You regularly collect consumer debts alleged to be due to another, and that is your primary purpose.

**RESPONSE:**      Peter T. Roach & Associates, P.C. – Admit

Kirschenbaum, Phillips & Roach, P.C. – Admit

Timothy Murtha – Deny

3.      You purchase charge off consumer accounts after they are in default with

the putative original creditor and attempt to collect on them directly or through

others.

**RESPONSE:**      Peter T. Roach & Associates, P.C. – Deny

Kirschenbaum, Phillips & Roach, P.C. – Deny

Timothy Murtha – Deny

4.      Resurgent is the servicer for LVNV regarding the putative debt in the

underlying action.

**RESPONSE:**      Not applicable.

5.      While LVNV owns title to the debt, Resurgent takes the affirmative actions

to collect the debts, such as forwarding the accounts to law firms to collect, or to

subservicers, such as NCO Financial Systems, Inc. ("NCOFS").

**RESPONSE:**      Not applicable.

6.      NCOFS is the servicer for Inovision.

**RESPONSE:**      Not applicable.

7.      NCOFS was still actively working the account when Ms. Gomez was

seeking to vacate the judgment.

**RESPONSE:**      Not applicable.

8.      Peter T. Roach & Associates, P.C. (the "PC") and Kirschenbaum, Phillips

& Roach ("KPR") are law firms engaged in the business of collecting debts by

filing thousands of collection lawsuits on behalf of putative creditors or debt buyers; by making thousands of collection phone calls; and by sending out thousands of collection letters.

**RESPONSE:**     Peter T. Roach & Associates, P.C. and Kirschenbaum, Phillips & Roach, P.C. admit to being engaged in the business of collecting debts.

9.     LVNV and Inovision are liable for the acts of their debt collection attorneys.

**RESPONSE:**     Not applicable.

10.     Chase Bank, USA, NA ("Chase") was the putative original creditor for the debt being sought from Plaintiff in the underlying lawsuit.

**RESPONSE:**     Not applicable.

11.     Chase Manhattan Bank USA, NA ("Chase Manhattan") was the putative original creditor for the debt being sought from Plaintiff in the underlying lawsuit.

**RESPONSE:**     Not applicable.

12.     On or around September 12, 2005, Inovision by their attorneys, Mel S. Harris and Associates LLC filed an Action in Bronx County Civil Court seeking to collect a debt against Carmen Gomez.

**RESPONSE:**     Not applicable.

13.     That case was captioned Inovision-Medclr Portfolio Group, LLC v. Carmen Gomez, index number CV-46016/05-BX.

**RESPONSE:**     Not applicable.

14.   The complaint sought to collect an alleged credit card debt where ("Chase") was the original creditor.

**RESPONSE:**        Not applicable.

15.   The complaint sought to collect an alleged credit card debt where ("Chase Manhattan") was the original creditor.

**RESPONSE:**        Not applicable.

16.   The obligation alleged to be owed by plaintiff is a "debt" as defined by 15 U.S.C. Section 1692a(5).

**RESPONSE:**        Admits

17.   According to the affidavit of serviced, the complaint was served on Ms. Gomez on or about September 28, 2005, and mailed shortly thereafter on or about October 3, 2005.

**RESPONSE:**        Not applicable.

18.   Ms. Gomez was never served with the Summons and Complaint for the action and never received a copy of the summons and complaint by mail.

**RESPONSE:**        Not applicable.

19.   Ms. Gomez did not know she had been sued and did not appear in the action.   So, on November 30, 2005, Inovision obtained a default judgment against her.

**RESPONSE:**        Not applicable.

20.   The debt collection lawsuit sought to collect a debt that was time barred.

**RESPONSE:**        Not applicable.

21.     Ms. Gomez closed the putative account in question in 1993, twelve years before the above-mentioned lawsuit was filed.

**RESPONSE:**     Not applicable.

22.     The debt sought to be collected from Plaintiff was time barred because it is governed by Delaware's there year statute of limitations.

**RESPONSE:**     Not applicable.

23.     On or about October 19, 2012, Timothy Murtha ("Murtha"), an attorney at PC signed an information subpoena and restraining notice to be sent to Municipal Credit Union ("MCU"), seeking to enforce a time-barred action.

**RESPONSE:**     Admit to signing restraining notice on a Judgment entered by the Court.

24.     The October 19, 2012 restraining notice contained a different plaintiff in the caption, LVNV Funding, LLC, though the index number is identical.

**RESPONSE:**     Admit

25.     On November 7, 2012, MCU sent a copy of the information subpoena with restraining notice to Ms. Gomez.

**RESPONSE:**     Denies having information sufficient to admit or deny.

26.     Murtha and the PC knew and intended the signed information subpoena and restraining notice would be forwarded by MCU to Ms. Gomez.

**RESPONSE:**     Deny.

27.    By signing and sending the information subpoena and restraining notice to be served on Ms. Gomez, Murtha and the PC impliedly represented to Ms. Gomez that an attorney had performed a "meaningful review" of her case.

**RESPONSE:**    Admit.

28.    Murtha and the PC did not perform a meaningful review.

**RESPONSE:**    Deny.

29.    The PC and Murtha had "robo-signed" the information subpoena and restraining notices.

**RESPONSE:**    Deny.

30.    Murtha has previously testified that he signs between 400 and 600 post-judgment enforcement mechanisms per week (e.g. garnishments, information subpoena and restraining notices).

**RESPONSE:**    Not applicable.

31.    The time Murtha spends issuing these post-judgment enforcement mechanisms is only a small amount of time he spends on collections.

**RESPONSE:**    Not applicable.

32.    It is simply impossible for Murtha or the PC to have done a meaningful review of the post-judgment enforcement devices they were issuing *en masse*.

**RESPONSE:**    Deny.

33.    Ms. Gomez was never sent and has never received from anyone any notice of assignment of the putative Chase account.

**RESPONSE:**    Not applicable.

34.    You took no steps to determine whether a notice of assignment of the Chase or Chase Manhattan account was sent to or received by Ms. Gomez.

**RESPONSE:**        Peter T. Roach & Associates, P.C. and Kirschenbaum, Phillips & Roach, P.C. were proceeding on a Judgment.

35.    It is your pattern and practice not to determine whether a notice of assignment has been sent for the accounts it seeks to collect.

**RESPONSE:**        Admits when proceeding on an entered Judgment.

36.    Absent receipt of a notice of assignment regarding the Chase account, none of the Defendants had a legal right to seek to collect the putative debt.

**RESPONSE:**        Deny.

37.    The first time Ms. Gomez knew that a default judgment was rendered against her regarding a Chase account was after her bank account was frozen and she spoke with a debt collector at the PC in November 2012.

**RESPONSE:**        Denies having information sufficient to admit or deny.

38.    In November 2012, the PC told Ms. Gomez that they could garnish 20 to 25 percent of her wages.

**RESPONSE:**        Deny.

39.    The PC made this statement to intimidate Ms. Gomez and to pressure her into paying on a judgment for a debt that was time barred and for which Ms. Gomez was never served.

**RESPONSE:**        Deny.

40. On December 5, 2012, Ms. Gomez sent a letter to the PC informing the PC that she had no knowledge of the debt, that the statute of limitations on the debt had expired, and requesting proof of the debt/default.

**RESPONSE:** Admit that she sent a letter informing that she had no knowledge of the debt and requesting proof of the debt/default, but deny that the statute of limitations on the debt had expired.

41. In the December 5 letter, Ms. Gomez also requested that Defendants stop calling her, and specifically requested that they do not call her on her cell phone.

**RESPONSE:** Admit.

42. You continued to call her cell phone seeking to collect the time-barred debt after receiving the December 5, 2012 letter.

**RESPONSE:** Admit to calling but deny having information sufficient to admit or deny as to her cell.

43. On or about December 11, 2012, the PC sent Ms. Gomez a dunning letter seeking to collect on a judgment entered November 30, 2005 for $3,864.33, plus interest at 9 percent from the date of judgment.

**RESPONSE:** Deny – sent payoff at Gomez's request.

44. The December 11, 2012 letter demanded that payment checks be made out to "Peter T. Roach & Associates, P.C."

**RESPONSE:** Admit.

45. On January 20, 2013, Kirschenbaum, Phillips & Roach, P.C. ("KPR") sent a letter to Ms. Gomez indicating that they were now representing Roach with respect to the collection of Ms. Gomez's account.

**RESPONSE:**        Admit.

46.    KPR stated in their letter that they would cease all collection activities and verify the debt if Ms. Gomez wrote to them in 30 days asking them to do so.

**RESPONSE:**        Admit.

47.    Ms. Gomez responded to KPR on January 30, 2013 with a copy of the same letter sent to Roach on December 5, 2012.

**RESPONSE:**        Admit.

48.    KPR never responded to Ms. Gomez's letter demanding verification of the debt, an explanation of what the debt was for, or who the creditor was.

**RESPONSE:**        Kirschenbaum, Phillips & Roach, P.C. received notice that an Order to Show Cause was filed prior to responding.

49.    Defendants would not release the garnishment despite the fact that they were on notice that the default judgment was rendered based on sewer service and that the collection lawsuit was time-barred.

**RESPONSE:**        Admit that Kirschenbaum, Phillips & Roach, P.C. was stayed by Order to Show Cause.

50.    Defendants sought to retain the benefits of their prior wrongful acts by maintaining the garnishment, maintaining the judgment, continuing attempting to execute on Ms. Gomez's limited funds, and otherwise continuing to collection.

**RESPONSE:**        Deny.

51.    As such, Defendants fully ratified the wrongful acts of sewer service and the filing of the time barred lawsuit.

**RESPONSE:**        Deny.

52.     Ms. Gomez, through counsel, filed an Order to Show Cause to vacate the default judgment.

**RESPONSE:**     Admit.

53.     On February 19, 2013, Bronx Civil Court Judge Ruben Franco signed the order to show cause setting a March 8, 2013 date for a hearing on the motion to vacate the default judgment.

**RESPONSE:**     Admit.

54.     The order to show cause specifically stated, "pending the hearing on this motion [to vacated] and entry of an order thereon, LET all proceedings on the part of the Plaintiff [Inovision], its attorneys, agents and any Marshal of Sheriff of the City of New York for the enforcement of said Judgment be *stayed;* and let any and all holds on any accounts of defendant [Ms. Gomez], *be lifted…"*

**RESPONSE:**     No copy of Order to Show Cause is in Peter T. Roach & Associates, Kirschenbaum & Phillips, P.C. or Timothy Murtha's possession.

55.     The hearing on the motion to vacate was rescheduled to March 8, 2013.

**RESPONSE:**     No direct knowledge.

56.     Ms. Gomez's affidavit provided sworn testimony as to why the affidavit of service was false, and why the debt was time barred.

**RESPONSE:**     Unknown to Peter T. Roach & Associates, P.C., Kirschenbaum, Phillips & Roach, P.C. or Timothy Murtha.

57.    Despite this sworn testimony Defendants, on information and belief, took no steps to determine whether the allegations of sewer service were true or whether the debt was in fact time barred.

**RESPONSE:**    No knowledge of sworn testimony.

58.    On March 8, 2013, Judge Ruben Franco vacated the default judgment. Further, "any liens, levies, restraints or executions" issued by Inovision were vacated and "any funds including fees in the possession of the plaintiff, City Marshal or any other agent shall be returned to defendant [Ms. Gomez] forthwith." (emphasis added).

**RESPONSE:**    Admit.

59.    Despite the two courts orders – the February 19, 2013 order "stay[ing]" all collection activities and the March 8, 2013 order to return any funds "forthwith"- Defendants continued to garnish additional paychecks and/or retain previously garnished funds in direct contravention of the two orders.

**RESPONSE:**    Deny.

60.    Ms. Gomez needed her wages to pay for basic necessities such as food and rent.

**RESPONSE:**    Unknown.

61.    The illegal continued garnishment caused her substantial emotional distress and anxiety.

**RESPONSE:**    Unknown.

62.     Defendants still would not dismiss the collections lawsuit despite being placed on notice that the judgment was procured on a time barred debt and by the use of a sewer service affidavit.

**RESPONSE:**          Deny as to Peter T. Roach & Associates, P.C., Kirschenbaum, Phillips & Roach, P.C. and Timothy Murtha.

63.     Therefore Ms. Gomez incurred yet additional attorney's fees and costs having her counsel file a motion to dismiss for lack of personal jurisdiction given the sewer service.

**RESPONSE:**          Unknown.

64.     On May 31, 2013 the civil court granted Ms. Gomez's motion and dismissed the collection lawsuit.

**RESPONSE:**          Admit.

65.     Ms. Gomez never received back all of the money that was garnished from her paycheck.          Unknown.

Dated:   Bohemia, New York
         May 15, 2014

                    MICHAEL L. KOHL, P.C.

                    BY:_____
                         MICHAEL L. KOHL, ESQ.
                         Attorneys for Defendants
                         34 Eagle Circle
                         Bohemia, NY 11716
                         (631) 219-1810

TO:   THE LAW OFFICES OF AHMAD KESHAVARZ
      Attorneys for Plaintiff
      16 Court Street, 26th Floor
      Brooklyn, NY 11241-1206

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X Index No.: 13-CV-07395

CARMEN GOMEZ,

Plaintiff,                    **AFFIDAVIT OF**
                                      **SERVICE**

        -against-

INOVISION-MEDCLR PORTFOLIO GROUP, LLC
PETER T. ROACH & ASSOCIATES, P.C.
KIRSCHENBAUM, PHILLIPS & ROACH, P.C.
TIMOTHY MURTHA, LVNV FUNDING, LLC
RESURGENT CAPITAL SERVICES, LP
NCO FINANCIAL SYSTEMS, INC.

                        Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF SUFFOLK      )

        ASHLEY TERMINI, being duly sworn, deposes and says:

        I am not a party to the action, am over 18 years of age, and reside in Kings Park,
New York.

        On May /⌈, 2014, deponent served the within RESPONSE REQUEST FOR
ADMISSION upon:

TO:     THE LAW OFFICES OF AHMAD KESHAVARZ
        16 Court Street, 26th Floor
        Brooklyn, NY 11241-1206

        Concepcion A. Montoya, Esq.
        HINSHAW & CULBERTSON, LLP
        800 Third Avenue, 13th Floor

the address designated by said defendant for that purpose, by depositing a true copy of
same enclosed in a postpaid properly addressed envelope in an official depository under
the exclusive care and custody of the U.S. Postal Service within the State of New York,
via e-mail at *ahmad@NewYorkConsumerAttorney.com* and *cmontoya@hinshawlaw.com*

                                            ASHLEY TERMINI

Sworn to before me this
/ ⌈ day of May, 201

NOTARY PUBLIC

                        MICHAEL L. LEWRUS KOHL
                        Notary Public, State of New York
                                No. 20-4981863
                        Qualified in Suffolk County
                  MICAHEL L. KOHL, P.C.
        34 EAGLE CIRCLE, BOHEMIA, NY 11716 (631) 219-1810

Index No. 13-CV-07395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMEN GOMEZ,

                                                    Plaintiff,
                        -against-

INOVISION-MEDCLR PORTFOLIO GROUP, LLC, PETER T. ROACH & ASSOCIATES, P.C.
KIRSCHENBAUM, PHILLIPS & ROACH, P.C., TIMOTHY MURTHA, LVNV FUNDING LLC
RESURGENT CAPITAL SERVICES, LP, NCO FINANCIAL SYSTEMS, INC.
                                                    Defendants.

## RESPONSE TO REQUEST FOR ADMISSION

**MICHAEL L. KOHL, P.C.**
Attorneys for Defendants PETER T. ROACH & ASSOCIATES,
KIRSCHENBAUM, PHILLIPS & ROACH, P.C. and TIMOTHY MURTHA
Office and Post Office Address, Telephone
**34 Eagle Circle**
**Bohemia, NY 11716**
**(631) 219-1810**

Signature (Rule 130-1.1a)

_____

MICHAEL L. KOHL, P.C.

To

Attorneys) for

Service of a copy of the within                                is hereby admitted.

Dated,

_____

Attorney(s) for

Please take notice
[   ] NOTICE OF ENTRY
that the within is a true copy of an
duly entered in the office of the clerk of the within named court on
[   ] NOTICE OF SETTLEMENT
that an order                              of which the within is a true copy will be presented for
settlement to the HON.                     one of the judges
of the within named court, at
on                          at                          M.
Dated,                                               Yours, etc.
                                            **MICHAEL L. KOHL, P.C.**
TO                                          Attorneys for Defendants
                                            Office and Post Office Address
                                            34 Eagle Circle
                                            Bohemia, NY 117

**MICHAEL L. KOHL, P.C.**
**34 EAGLE CIRCLE, BOHEMIA, NY, 11716 (631) 219-1810**