UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

CARMEN GOMEZ,

                      Plaintiff,

    -against-                              13 Civ. 7395 (RWS)

RESURGENT CAPITAL SERVICES, LP and LVNV       OPINION
FUNDING, LLC,

                      Defendants.

------------------------------------X

A P P E A R A N C E S:

        <u>Attorney for the Plaintiff</u>

        LAW OFFICE OF AHMAD KESHAVARZ
        16 Court Street, 26th Floor
        Brooklyn, NY 11241
        By:  Ahmad Keshavarz, Esq.

        <u>Attorneys for the Defendants</u>

        HINSHAW & CULBERSON LLP
        800 Third Avenue, 13th Floor
        New York, NY 10022
        By:  Concepcion A. Montoya, Esq.
             Han Sheng Beh, Esq.
             Jason Joseph Oliveri, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/15

**Sweet, D.J.,**

Defendants LVNV Funding, LLC and Resurgent Capital Services, LP (the "Defendants") have filed a letter-motion dated October 14, 2015, seeking a "telephonic conference . . . to discuss a motion to clarify and/or amend" this Court's September 23, 2015 decision in order to address their argument regarding a damages setoff.[1] Any motion to "clarify and/or amend" would in effect be a motion for reconsideration pursuant to Local Civil Rule 6.3. See Saunders v. N.Y. City Dep't of Educ., No. 07 Civ. 2725, 2010 WL 2985031, at *3 (E.D.N.Y. July 20, 2010) (request for "clarification" of substance of ruling was effectively a motion for reconsideration); cf. McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 2d 258, 265 n.2 (E.D.N.Y. 2009). The deadline to file such a motion (or to request an extension of time to file such a motion) was Wednesday, October 7. Because any motion for reconsideration would be untimely, the Defendants' request for a conference regarding such a motion is

---

[1] The September 23 Opinion did not address the issue of a setoff since, as Defendants acknowledged in their brief, the question is only relevant at the point when damages are assessed against them. See D.'s Reply & Opp. Br., Dkt. No. 87, at 24 ("the Court should not establish the amount of any damages without reviewing the settlement agreements that Plaintiff had with the settling defendants."); id. at 26 (requesting that the Court obtain copies of any settlement agreement "before any award of damages is made"). The Plaintiff's motion for summary judgment was limited to the issue of liability (see Dkt. No. 79, at 1), and the Court's ruling on her motion was therefore also limited to the liability issue. See Gomez v. Resurgent Capital Servs., LP, No. 13 Civ. 7395, 2015 WL 5610741, at *10 (S.D.N.Y. Sept. 23, 2015).

2

denied. See Luv n' Care, Ltd. V. Regent Baby Prods. Corp., 986 F. Supp. 2d 400, 411 (S.D.N.Y. 2013); Scarsdale Cent. Serv. Inc. v. Cumberland Farms, Inc., No. 13-cv-8730, 2014 WL 2870283, at *3 (S.D.N.Y. June 24, 2014).

It is so ordered.

New York, NY
October 28, 2015

_____
ROBERT W. SWEET
U.S.D.J.