

ATTORNEYS AT LAW

800 Third Avenue
13th Floor
New York, NY 10022

212-471-6200
212-935-1166 (fax)
www.hinshawlaw.com

December 17, 2015

**VIA ECF**

Hon. Robert W. Sweet
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:** *Gomez v. Inovision-Medclr Portfolio Group, LLC, et al.*
         Docket No. 13-cv-07395 (RWS)

Dear Judge Sweet:

  We represent Defendants LVNV Funding, LLC and Resurgent Capital Services, LP (the "Resurgent Defendants") in the above-referenced matter. We write this letter in further support of the Resurgent Defendants' request for leave to depose Plaintiff.

### Plaintiff Misrepresents That The Parties Have Briefed This Issue Before

  Plaintiff's opposition mischaracterizes the Resurgent Defendants' instant request for leave to depose the Plaintiff as a request for reconsideration. The Resurgent Defendants' October 14, 2015 letter requested clarification of Your Honor's decision on the parties dueling summary judgment motions—which was denied. Although the Resurgent Defendants stated in their October 14, 2015 letter that they intend to depose Plaintiff after a decision on the request for clarification, it is clear that the October 14, 2015 was not a motion for leave to depose Plaintiff. This is further supported by the fact that Your Honor did not address the issue of deposing Plaintiff solely on her damages in Your Honor's October 28, 2015 decision denying the Resurgent Defendants' request for clarification as that decision was rightfully limited to the issues presented in the motion for summary judgment, which did not include the issue of deposing the Plaintiff. (*See* DE #109). Notably, not once during the parties' good faith conferences with Plaintiff did she argue or claim that this issue was already decided by Your Honor. Because this is the first time the Resurgent Defendants are requesting leave to depose Plaintiff on the issue of damages, Plaintiff argument that it is an untimely motion for reconsideration is meritless.

### Plaintiff's Deposition Is Material And Necessary Because The Only Remaining Issue For Trial Is Her Damages

  Plaintiff argues that if she is subjected to a deposition, she will be prejudiced as it would delay trial in this matter. (*See* DE # 112 at p. 2) However, a trial date for this matter has not been

**Building on the Barger Tradition**

Arizona California Florida Illinois Indiana Massachusetts Minnesota Missouri New York Rhode Island Wisconsin ♦ London

131239085v1 0953110

December 17, 2015
Page 2

scheduled and tying prejudice to the scheduling of a trial date when Plaintiff joined the Resurgent Defendants in further adjourning the date for filing the pre-trial papers does not make sense.  Furthermore, the docket reflects that both parties focused litigation almost exclusively on liability rather than damages.  Now that the Court has ruled on liability, the issue of damages is the sole remaining issue for trial and depriving the Resurgent Defendants the opportunity to depose Plaintiff would clearly prejudice the Resurgent Defendants.

Plaintiff's refusal to submit herself to a deposition on the sole issue of damages clearly indicates that she intends to conduct this trial by ambush.  Plaintiff has consistently stated that she will rely on her testimony to prove her damages but has not provided any details of her injuries.  Indeed, Plaintiff's sworn testimony on damages may have the beneficial effect of further narrowing the Court's determination of how much Plaintiff's damages are worth even prior to the trial.

### The Resurgent Defendants Are Not Seeking To Reopen Discovery

Plaintiff also mischaracterizes the Resurgent Defendants' request to depose Plaintiff solely on the issue of damages as a request to reopen discovery.  The Resurgent Defendants are seeking leave to obtain information narrowly related to the last remaining issue for trial.  In contrast, it appears that Plaintiff is the one seeking to restart this entire action, which was commenced more than two years ago, by amending her complaint to add a new claim for conversion and recall the depositions of the Resurgent Defendants, "Brandon" a previous employee of the Roach Debt Collectors and an unidentified process server despite already deposing five individuals related to the Roach Debt Collectors.  (*See* DE #112 at p. 3). Plaintiff's proposed depositions are geared towards retreading the same issue of liability already decided by this Court and have nothing to do with damages, the last remaining issue for trial.

Plaintiff argues that there are still questions of facts regarding whether Plaintiff "received a notice or assignment" or whether a threatening telephone call was made to Plaintiff.  However, these two factual issues are moot as Your Honor has held that the Resurgent Defendants violated the FDCPA and Plaintiff's GBL § 349 claims have been dismissed.  It does not matter whether there was one violation or multiple violations of the FDCPA as the FDCPA provides damages per proceeding and not per violation. *See Dowling v. Kucker Kraus & Bruh, LLP*, No. 99 Civ. 11958, 2005 WL 1337442, at *1 (S.D.N.Y. June 6, 2005); *see also May v. Virtuoso Sourcing Group, Inc.*, No. 14-cv-226, 2014 WL 5500680, at *2 (W.D.N.Y. Oct. 30, 2014); *Quintanilla v. Credit Smart, LLC*, No. 13-CV-2316, 2014 WL 3530977 at *2 (E.D.N.Y. Jul, 14, 2014).  Thus, whether or not there were additional violations of the FDCPA does not change the scope of trial, which is limited to the issue of Plaintiff's damages.

Plaintiff's opposition is not styled as a cross motion for leave to amend.  Nevertheless, to the extent the Court considers Plaintiff's opposition as a motion for leave to amend, Plaintiff should not be allowed to amend her complaint two years after commencement of this case.  Plaintiff has not articulated any reason, much less good cause, for her proposed amendment. Instead, her request is made solely in response to the Resurgent Defendants' reasonable request to depose her in advance of trial.  It is clear that the Resurgent Defendants would be prejudiced if Plaintiff is allowed to amend her complaint at this late stage as, among other things, the

December 17, 2015
Page 3

Resurgent Defendants would have to answer or move against the amended complaint, the parties would have to restart discovery to address Plaintiff's new claims, the Rule 68 offers of judgment would be rendered null, and the depositions of the five individuals associated with the Roach Defendants (who have settled) will have to be revisited in order to address the new claim. Essentially, the parties would have to restart this litigation from the very beginning if Plaintiff is allowed to amend.  More importantly, even if Plaintiff ultimately proves a claim based on conversion, her damages will not change as she is already entitled to actual damages under the FDCPA.  The only conceivable reason for Plaintiff's counsel's request to amend is to drive up attorneys' fees.

For the foregoing reasons, it is respectfully submitted that the Resurgent Defendants' request for leave to depose Plaintiff on the issue of damages be granted, and Plaintiff's request to reopen discovery and to amend her complaint be denied.  We thank the Court for its consideration in this matter.

                              Respectfully submitted,

                              HINSHAW & CULBERTSON LLP


                              *s/ Concepcion A. Montoya*
                                Concepcion A. Montoya


cc:      Ahmad Keshavarz (Via ECF)